UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL SETTLEMENTS
INTERNATIONAL, INC.,

    Plaintiff,

v.

NATIONAL VIATICAL, INC., JAMES
TORCHIA, and MARC A. CELELLO,

    Defendants.
_____/

File No.  1:07-CV-1243

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

Defendants National Viatical, Inc. ("NVI"), James Torchia ("Torchia") and Marc A. Celello ("Celello") have appealed the Magistrate Judge's order denying their motions to transfer venue pursuant to 28 U.S.C. § 1404(a). (Dkt. Nos. 123, 125, Appeals.) Defendants' NVI and Torchia's motion sought an order transferring this action to the United States District Court for the Northern District of Georgia. (Dkt. No. 67.) Defendant Celello concurred in the motion to transfer. (Dkt. No. 68.) The Magistrate Judge denied the motions for the reasons stated on the record on July 21, 2008. (Dkt. No. 115, 7/30/08 Order.)

A magistrate judge's resolution of a nondispositive pretrial matter should be modified or set aside on appeal only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a). The "clearly erroneous" standard applies only to the magistrate judge's findings of fact. *Gandee v. Glaser*, 785 F.

Supp. 684, 686 (S.D. Ohio 1992). The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Id*. "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard does not entitle a reviewing court to reverse the finding of the trier of fact simply because it would have weighed the evidence or decided the case differently. *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1983). "Rather, a reviewing court must ask whether, based on the entire evidence, it is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Magistrate Judge articulated two bases for denying the motion to transfer. First, she noted that a transfer would merely be a transfer of inconvenience. Second, she indicated that keeping the case in this district would promote the efficient administration of justice in light of the Court's experience with the related Trade Partners receivership action, *Quilling v. Trade Partners, Inc.*, 1:03 CV-236 (W.D. Mich.). (Dkt. No. 121, 7/21/08 Hr'g Tr. 32-33.)

Defendants contend that the Magistrate Judge's determination that granting the motion would merely transfer the inconvenience from Defendants to Plaintiff is clearly erroneous because Plaintiff Universal Settlements International, Inc. ("USI"), is not a resident of

2

Michigan. Defendants contend that because USI is a Canadian corporation, and because the majority of the witnesses and documents are located in Georgia, a Georgia venue would be no less convenient to USI than would a Michigan venue, and the Magistrate Judge's finding to the contrary was clearly erroneous.

The Magistrate Judge's finding that a Georgia venue would be more inconvenient to USI is not clearly erroneous. Admittedly, a foreign plaintiff's choice of forum deserves less deference than a resident plaintiff's choice because the assumption that the forum is more convenient is less reasonable. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Nevertheless, even though the *assumption* of convenience is less reasonable in the case of a foreign plaintiff, that does not mean that the court cannot *find*, based on the evidence before it, that the foreign plaintiff's choice of forum is more convenient to the foreign plaintiff. In this case USI's chosen forum is closer to USI's business in Burlington, Ontario than is Georgia. Accordingly, there is evidence from which the Magistrate Judge could find that Michigan is a more convenient forum for USI. In analyzing the relative convenience of the two jurisdictions, the Magistrate Judge also gave some weight to the fact that Defendants had been willing to come to this jurisdiction in connection with the Trade Partners litigation when it was in their business interest. (Tr. at 33.) Because there was evidence to support her conclusion, the Magistrate Judge's determination that a transfer to Georgia would merely shift the inconvenience from one party to another is not clearly erroneous.

Defendants also contend that the Magistrate Judge's reliance on the Court's familiarity with the Trade Partners Receivership is clearly erroneous. Defendants contend that because a jury will determine factual disputes at trial, the Court's knowledge of the Trade Partners litigation is irrelevant to issues of judicial economy.

Defendants' argument is not persuasive. There is no dispute that this action relates to property involved in the Trade Partner's litigation. (Dkt. No. 4, Related Case Finding.) The Court's familiarity with the Trade Partners litigation has been helpful to the Court's understanding of the factual context in which the pretrial motions for preliminary injunction, discovery, and sanctions have arisen. Accordingly, the Magistrate Judge's reliance on judicial economy as a basis for denying the motion to transfer venue was not clearly erroneous.

The Court concludes that the Magistrate Judge's denial of Defendants' motions to transfer venue was not clearly erroneous or contrary to law. Accordingly,

**IT IS HEREBY ORDERED** that upon consideration and review of Defendants' appeal of the Magistrate Judge's order denying Defendants' motion to transfer venue (Dkt. Nos. 123, 125), the Magistrate Judge's order denying Defendants' motions to transfer venue (Dkt. No. 115) is **AFFIRMED**.


Dated: December 8, 2008         /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE