UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL SETTLEMENTS,
INTERNATIONAL, INC., a Canadian
corporation,

       Plaintiff,

v.

NATIONAL VIATICAL, INC., JAMES
TORCHIA, and MARC A. CELELLO,

       Defendants.
                                                    /

File No.  1:07-CV-1243

HON. ROBERT HOLMES BELL

## **OPINION**

On September 18, 2008, Magistrate Judge Ellen C. Carmody issued a Report and Recommendation recommending that Plaintiff Universal Settlements International, Inc.'s ("USI") motion for preliminary injunction (Dkt. No. 2) be denied, and that Defendants' motion to dismiss Plaintiff's motion for preliminary injunction (Dkt. No. 45) be granted. (Dkt. No. 137, 9/18/08 R&R.)  This matter is before the Court on Plaintiff's objections to the R&R.  (Dkt. No. 149, Obj. to R&R.)

This Court is required to make a *de novo* review of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a *de novo* review, the Court concludes that the R&R should be adopted.

USI's motion for preliminary injunction requests the Court to issue an order prohibiting Defendants from transferring assets or, in the alternative, compelling Defendants to deposit $6.875 million with the Court to protect Plaintiff from Defendants' dissipation of assets. (Dkt. No. 2, Mot. for Prelim. Inj. at 1-2.) The Magistrate Judge has recommended that the motion be denied because, although she could not determine whether Plaintiff has a strong likelihood of success on the merits, she found that Plaintiff had failed to show irreparable harm, an injunction would harm Defendants, and no public interest would be served by an injunction. (Dkt. No. 137, at 11.)

Plaintiff has raised four objections to the R&R. Plaintiff's first contention is that it presented sufficient evidence to establish that a preliminary injunction was warranted and appropriate.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, --- U.S. ---, 129 S. Ct. 365, 376-77 (2008). A determination of whether to award the extraordinary remedy of a preliminary injunction is a matter left to the sound discretion of courts of equity. *Id.*; Fed. R. Civ. P. 65(a) ("The court **may** issue a preliminary injunction . . . .") (emphasis added). Plaintiff's contention that on the evidence presented a preliminary injunction was warranted and appropriate, does not suggest that the denial of a preliminary injunction was an abuse of discretion. Upon *de novo* review of the record the Court agrees with the Magistrate Judge that on balance the relevant factors weigh against entering a preliminary injunction. Plaintiff's contention that it has

2

presented evidence of "possible irreparable injury" based on a "possible loss of reputation" if it is not able to complete performance of its contract, is at best an extremely weak showing of irreparable harm. It is clearly insufficient to outweigh the certain substantial injury to Defendants should a preliminary injunction issue.

Plaintiff's second objection is based on its contention that it was denied its right to cross-examine Bruce Kramer, and that this denial was prejudicial error because the Magistrate Judge relied on Mr. Kramer's testimony in the R&R.

Plaintiff's objection is not persuasive. First, "[i]t is well established that 'a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.'" *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3rd Cir. 2004) (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). *See also Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993) ("[A]t the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence.").

Second, Plaintiff waived its right to cross-examine Mr. Kramer by proposing the abbreviated manner in which Mr. Kramer's testimony was presented:

> MR. MURPHY: Your Honor, I had made a suggestion that perhaps your Honor, in light of the hour, in light of Mr. Quilling's testimony, might want to hear from Mr. Kramer and focus in on what the Court thinks is relevant as opposed to Mr. Graham and I going back and forth with Mr. Kramer, and that would be fine with me.

3

(Dkt. No. 42, 2/28/08 Tr. 135-36.) Although the parties hoped for an opportunity to question Mr. Kramer further, there was insufficient time. (Dkt. No. 42, 2/28/08 Tr. at 154-55.) At the following hearing Plaintiff's counsel indicated that he did not believe that Mr. Kramer's testimony was complete, but he nevertheless argued his motion on the basis of what Mr. Kramer did say without objecting to the denial of an opportunity to cross-examine him. (Dkt. No. 61, 5/16/08 Tr. at 6-11.) Neither did counsel object to his inability cross-examine Mr. Kramer in his discussions on the record after the Magistrate Judge announced her intention to recommend that the motion for preliminary injunction be denied based on the failure to show irreparable harm. (5/16/08 Tr. at 27-31.)

Third, Plaintiff has not shown that he was prejudiced by his inability to cross-examine Mr. Kramer. The only testimony of Mr. Kramer that was relied on in the R&R was testimony that was consistent with the testimony of Michael Quilling. (R&R 11.) Plaintiff does not deny that it had ample opportunity to cross-examine Mr. Quilling. The two matters Plaintiff asserts that it wanted to establish through cross-examination of Mr. Kramer were already before the Court. The Magistrate Judge was aware of both the October 2007 Notice of Default and Mr. Murphy's contention that Mr. Kramer had recently stated that USI was in default. (5/16/08 Tr. at 9.) In addition, she indicated that she would not likely find irreparable harm even if the default was imminent or threatened. (5/16/08 Tr. at 28.)

Plaintiff's third objection is based on its contention that the R&R does not accurately reflect the oral ruling made on May 16, 2008.

Plaintiff's objection is without merit.  The Magistrate Judge's statements on the record at the May 16, 2008, hearing were never intended to be the final ruling on Plaintiff's motion for preliminary injunction.  The Magistrate Judge merely advised the parties what she "planned" or "intended" to recommend.  (5/16/08 Tr. at 27, 28, 32.)  There is no significant inconsistency between the Magistrate Judge's oral comments and her written recommendation.  Moreover, even if there were, Plaintiff has not suggested why that would be improper.

Plaintiff's fourth objection is based on its contention that the R&R incorrectly states certain facts.  Plaintiff has not suggested that any of these facts are material to the decision.  Plaintiff has merely raised this issue to ensure that it is not estopped from asserting contrary facts in the future.  Plaintiff's objection is noted for the record.

For the reasons stated herein, the Court will deny Plaintiff's objections, approve and adopt the R&R, deny Plaintiff's motion for preliminary injunction, and grant Defendant's motion to dismiss Plaintiff's motion for preliminary injunction.

An order consistent with this opinion will be entered.


Dated: March 2, 2009                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE