UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL SETTLEMENTS
INTERNATIONAL, INC.,

    Plaintiff,

v.

NATIONAL VIATICAL, INC., JAMES
TORCHIA, and MARC A. CELELLO,

    Defendants.
    _____/

File No. 1:07-CV-1243

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Defendants' motions to dismiss for lack of personal jurisdiction. (Dkt. Nos. 143, 146.) Plaintiff opposes Defendants' motions on the basis of waiver. (Dkt. Nos. 161, 162.) For the reasons that follow, the motions to dismiss for lack of personal jurisdiction will be denied.

## I.

Plaintiff Universal Settlements International, Inc. ("USI") filed this action against Defendants National Viatical, Inc. ("NVI"), James Torchia, and Marc A. Cellelo on December 12, 2007. On January 30, 2008, Defendants NVI, Torchia, and Celello filed their answer to the complaint, raising the affirmative defense of lack of personal jurisdiction. (Dkt. No. 24.) On the same date, Defendants filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. (Dkt. No. 23.) Defendants NVI and Torchia filed a motion to

transfer venue on June 2, 2008. (Dkt. No. 67.) Defendants did not file their motions to dismiss for lack of personal jurisdiction until September 2008. (Dkt. Nos. 143, 146.)[1]

The Federal Rules of Civil Procedure provide that a party waives the Rule 12(b)(2) personal jurisdiction defense by omitting it from a previously filed motion to dismiss if the personal jurisdiction defense was available when the initial motion was made. Fed. R. Civ. P. 12(g)(2)[2] and (h)(1)[3]. See 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.22 (3d ed. 2009) ("Under Rule 12(h)(1)(A), a party waives these defenses [including the defense of lack of personal jurisdiction] by omitting them from a rule 12(b) motion if the defenses were available at the time the motion was made."); 5C Charles Alan Wright, et al., *Federal*

---

[1] Defendants NVI and Torchia filed their Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction on September 7, 2008. (Dkt. No. 146.) Defendant Celello filed his Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction on September 15, 2008. (Dkt. No. 143.)

[2] Rule 12(g)(2) provides:

Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed. R. Civ. P. 12(g)(2). The exceptions noted in Rule 12(h)(2) and (3) are not relevant to the circumstances of this case.

[3] Rule 12(h)(1) provides:

A party waives any defense listed in Rule 12(b)(2) – (5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1).

*Practice & Procedure Civil* § 1391 (3d ed. 2009) ("According to Federal Rule 12(h)(1), the threshold defenses of lack of personal jurisdiction [etc.] . . . are waived if they are not included in a preliminary motion under Rule 12 as required by Rule 12(g) . . . .").

Defendants acknowledge that they did not raise their Rule 12(b)(2) lack of personal jurisdiction defense when they filed their first motion under Rule 12 to dismiss for failure to state a claim, but nevertheless contend that they should not be deemed to have waived the defense. Defendants contend that they are not subject to waiver because they satisfied the second prong of Rule 12(h)(1)(B) by raising the lack of personal jurisdiction as an affirmative defense in their answer.

Defendants' argument ignores the provisions of Rule 12(h)(1)(A). Under Rule 12(h)(1)(A), a party waives a 12(b) defense by omitting it from a previously filed 12(b) motion. Rule 12(h)(1)(A) does not address or exempt those situations when the party has filed an answer asserting a jurisdictional defect as an affirmative defense.

Defendants also contend that they should not be deemed to have waived the lack of personal jurisdiction defense because the motion was not "available" to them until Magistrate Judge Carmody issued her September 4, 2008, Report and Recommendation ("R&R") which found no evidence that the funds paid to NVI came from Receivership funds. Defendants contend that until the R&R found that the money had not been stolen from the Receivership, they were hamstrung from pursuing their personal jurisdiction defense. The Court is not persuaded by Defendants' argument.

3

In a diversity action, the law of the forum state determines the reach of the district court's personal jurisdiction over parties, subject to constitutional due process requirements. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). Under Michigan law a court's ability to exercise personal jurisdiction over a defendant depends on factors such as a defendant's presence in the state, incorporation in the state, consent to jurisdiction, transaction of business in the state, causing acts in the state resulting in an action for tort, ownership of property in the state, or contracting for services to be rendered in the state. Mich. Comp. Laws §§ 600.701, .705, .711, .715. The facts underpinning the Court's ability to exercise personal jurisdiction over Defendants are uniquely within Defendants' knowledge. Defendants knew what Plaintiff was alleging and they knew whether or not they committed the fraudulent acts alleged. Defendants did not have to wait for a ruling on Plaintiff's motion for preliminary injunction in order to know whether a lack of personal jurisdiction defense was available to them. Whether or not Defendants could have succeeded on a motion to dismiss for lack of jurisdiction when they filed their first motion to dismiss does not affect the "availability" of a lack of jurisdiction defense.

The Court concludes that Defendants waived their ability to raise a lack of personal jurisdiction defense. Accordingly, Defendants' motions to dismiss for lack of personal jurisdiction will be denied.

An order consistent with this opinion will be entered.

Dated: June 8, 2009                                    /s/ Robert Holmes Bell
                                                                                      ROBERT HOLMES BELL
                                                                                      UNITED STATES DISTRICT JUDGE