UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNIVERSAL SETTLEMENTS,
INTERNATIONAL, INC., a Canadian
corporation,

                    Plaintiff,

                                                    File No.  1:07-CV-1243

v.

                                                    HON. ROBERT HOLMES BELL

NATIONAL VIATICAL, INC., JAMES
TORCHIA, and MARC A. CELELLO,

                    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants National Viatical, Inc. and James

Torchia's appeal of Magistrate Judge Ellen S. Carmody's March 23, 2009, denial of

Defendants' request for costs and attorney's fees incurred in bringing their motion to compel

discovery responses from Plaintiff Universal Settlements International, Inc. ("USI").  (Dkt.

No. 201, Mot. to Compel; Dkt. No. 229, 3/23/09 Order; Dkt. No. 232, Appeal.)

A magistrate judge's resolution of a nondispositive pretrial matter should be modified

or set aside on appeal only if it is clearly erroneous or contrary to law. 28 U.S.C.

§ 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a).  The "clearly erroneous"

standard applies only to the magistrate judge's findings of fact.  *Gandee v. Glaser*, 785 F.

Supp. 684, 686 (S.D. Ohio 1992).  The magistrate judge's legal conclusions are reviewed

under the "contrary to law" standard. *Id.* "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Defendants contend that the magistrate judge clearly erred in refusing to award fees as mandated by Rule 37 of the Federal Rules of Civil Procedure. Rule 37 provides in pertinent part that if a motion to compel discovery is granted, or if the requested discovery is provided after the motion was filed, "the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Rule 37(a)(5)(A) further provides that the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

*Id.*

Defendants contend that there is no dispute that their motion was substantially granted, that they attempted in good faith to obtain disclosure without court action, that

Plaintiff's nondisclosure was not substantially justified, and that there are no circumstances that would make an award of expenses unjust.

The magistrate judge's order indicates that Defendants' motion to compel was granted in part, denied in part, and resolved in part. (3/23/09 Order 2.) Under Rule 37, if a motion is not granted in full, the award of reasonable expenses is not mandatory. If a motion is granted in part and denied in part, "the court **may**, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). Where, as here, the magistrate judge granted the motion only in part, it was within her discretion to apportion attorney fees or to require each party to bear its own expenses. *See*, *e.g.*, *Davis v. City of Springfield*, Nos. 04-3168, 07-3096, 2009 WL 1542801, at *5 (C.D. Ill. June 1, 2009) (deeming it appropriate for each party to bear its own expenses when a Rule 37 motion was allowed in part and denied in part); *Schwarz & Schwarz of Virginia, L.L.C. v. Certain Underwriters at Lloyd's London Who Subscribed to Policy Number NC959*, No. 6:07cv00042, 2009 WL 1043929, at *6 (W.D. Va. Apr. 17, 2009) (same); *Allstate Property and Cas. Ins. Co. v. Salazar-Castro*, No. 08-2110-CM, 2009 WL 928601, at *5 (D. Kan. Apr. 3, 2009) (same). The magistrate judge acted within her discretion in denying Defendants' request for attorney's fees and costs. Her ruling was not clearly erroneous or contrary to law. Accordingly,

**IT IS HEREBY ORDERED** that upon consideration and review of Defendants' appeal of the magistrate judge's order denying Defendants' request for attorney's fees and

costs (Dkt. No. 232), the magistrate judge's March 23, 2009, order (Dkt. No. 229) is

**AFFIRMED**.


Dated: July 15, 2009                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE