UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL SETTLEMENTS
INTERNATIONAL, INC.,

    Plaintiff,

v.

NATIONAL VIATICAL, INC., JAMES
TORCHIA, and MARC A. CELELLO,

    Defendants.
    _____/

File No. 1:07-CV-1243

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Defendants National Viatical, Inc. and James Torchia's appeal of the Magistrate Judge's ruling denying their motion for contempt and sanctions. (Dkt. No. 379.) Defendant Marc A. Celello has joined in the appeal. (Dkt. No. 381.)

On July 28, 2009, Magistrate Judge Ellen S. Carmody ordered the parties to attend a settlement conference. (Dkt. No. 252.) The order explicitly stated that "[f]ailure of counsel to be accompanied by an appropriate client representative with actual authority to settle may result in the imposition of sanctions or a citation for contempt of court." (*Id.*) Defendants contend that although Plaintiff's counsel appeared at the settlement conference with the shareholders of USI, the shareholders lacked settlement authority because USI is in the

Canadian equivalent of bankruptcy, and USI's ability to settle is controlled by a creditors' committee whose interests conflict in some respects with the interests of USI's shareholders.

On May 11, 2010, the Magistrate Judge denied Defendants' motion for contempt and sanctions, but took Defendants' request for an additional settlement conference under advisement. (Dkt. No. 365.) On May 17, 2010, the Magistrate Judge granted Defendants' request for an additional settlement conference. (Dkt. No. 367.) Defendants appeal both orders.

A magistrate judge's resolution of a nondispositive pretrial matter should be modified or set aside on appeal only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a). The "clearly erroneous" standard applies only to the magistrate judge's findings of fact. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Id*. "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U. S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Defendants appeal the denial of their motion for contempt and sanctions based upon their contention that USI's failure to bring a representative with full settlement authority violated the Magistrate Judge's July 28, 2009, order, thwarted the possibility of settlement,

and caused Defendants to incur the costs of attending the conference, filing the motion for sanctions, and filing this appeal.

The Magistrate Judge's July 28, 2009, order did not guarantee that a violation of the order would result in a finding of contempt or in the imposition of monetary sanctions. The order explicitly reserved that determination to the Magistrate Judge's discretion. (Dkt. No. 252 ("Failure of counsel to be accompanied by an appropriate client representative with actual authority to settle **may** result in the imposition of sanctions or a citation for contempt of court.") (emphasis added).) Accordingly, the Magistrate Judge's order denying Defendants' motion for contempt and sanctions will not be reversed on appeal unless it appears that the Magistrate Judge abused her discretion in denying the relief sought.

Although the Magistrate Judge suspected that USI's shareholders did not have ultimate settlement authority, she determined that she could not find that Plaintiff USI had not acted in good faith. The Magistrate Judge based her determination on the language of the bankruptcy plan and the protocol for the creditors' committee, on the parties' common knowledge that any settlement would require the approval of the Canadian bankruptcy court, on her own assessment of the credibility of USI's shareholders, and on her determination that the shareholders, who had knowledge of the facts of the case, had as much authority as anybody had and would be able to make a strong recommendation to the creditors' committee. (Dkt. No. 373, 05/18/10 Mot. Hr'g Tr. 5, 9, 11, 26, 30-31.) The Magistrate Judge's determination that Plaintiff USI did not act in bad faith was supported by the record

and was not clearly erroneous. Based upon this finding, the Court cannot say that the Magistrate Judge abused her discretion or acted contrary to law. The Magistrate Judge was well within her discretion in choosing not to issue a contempt order or sanctions in this case.

Defendants have also appealed the Magistrate Judge's order granting their request for a second settlement conference. Defendants' first objection is to the Magistrate Judge's failure to order the conference at USI's sole expense. Because the Court has already held that the Magistrate Judge's determination that USI did not act in bad faith was not erroneous, the Magistrate Judge's failure to require USI to bear all of the costs of the settlement conference as a sanction for its violation of the first settlement conference order is not an abuse of her discretion or contrary to law.

Defendants' second objection is to the Magistrate Judge's failure to require all of the members of the Litigation Committee to attend the settlement conference. The Magistrate Judge explained at the motion hearing her practice of not requiring a committee with final authority to attend a settlement conference where the representative at the settlement conference has knowledge of the facts and the ability to made a strong recommendation to the creditors' committee. (05/18/2010 Hr'g Tr. 5.) Moreover, as the Magistrate Judge noted on the record, she does not have authority to require the entity with final settlement authority in this case, i.e., the Canadian bankruptcy judge, to attend the conference. (*Id.* at 26.) In response to Defendants' concerns about a potential conflict between the shareholders and the creditors' committee, the Magistrate Judge required that an individual from the creditors'

committee "whose recommendation would be favorably received by the committee shall attend the conference in person." (Dkt. No. 368.) The Magistrate Judge has substantial experience in conducting settlement conferences, and the manner in which she conducts those conferences is a matter the Court entrusts to her sound discretion. Where, as here, any settlement is subject to a multi-layered process involving the shareholders, the creditors' committee, the trustee, and ultimately the bankruptcy judge, the Magistrate Judge's failure to require all of the members of the creditors' committee to attend the settlement conference was not an abuse of discretion or contrary to law.

For the reasons stated herein, upon consideration of the appeal filed by Defendants National Viatical, Inc. and James Torchia, joined by Defendant Marc A. Celello, the Court will affirm the Magistrate Judge's order denying Defendants' motion for sanctions (Dkt. No. 365) and order requiring a second settlement conference (Dkt. Nos. 367, 368).

An order consistent with this opinion will be entered.


Dated: June 8, 2010                                    /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE