UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL SETTLEMENTS
INTERNATIONAL, INC.,

    Plaintiff,

v.

NATIONAL VIATICAL, INC., JAMES
TORCHIA, and MARC A. CELELLO,

    Defendants.
_____/

File No. 1:07-CV-1243

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Plaintiff Universal Settlements International, Inc.'s ("USI") objections to and appeal of the Magistrate Judge's April 13, 2011, Order. (Dkt. No. 491, Appeal; Dkt No. 487, 04/13/2011 Order.) For the reasons that follow, the order will be affirmed in part and reversed in part.

**I.**

Plaintiff USI objects to and appeals five aspects of the Order: (1) the omission of the finding that USI did not breach any settlement agreement confidentiality term; (2) the injunction prohibiting USI from violating the alleged settlement confidentiality term; (3) the finding that the settlement agreement contained a final specific and enforceable confidentiality term; (4) permitting Defendants National Viatical, Inc. ("NVI") and James Torchia ("Torchia") to withdraw their motion for leave to amend their counterclaim; and (5)

requiring dismissal of this action without a written settlement agreement.

The Court will address USI's first and fourth objections/appeals together because they both address the Magistrate Judge's disposition of Defendants NVI and Torchia' motion to amend their counterclaim to assert a claim against USI for breach of the confidentiality term.

The ruling on Defendants NVI and Torchia's motion to amend is a ruling on a nondispositive matter. A magistrate judge's resolution of a nondispositive pretrial matter should be modified or set aside on appeal only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a). The "clearly erroneous" standard applies only to the magistrate judge's findings of fact. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Id*.

At the motion hearing on April 11, 2011, the Magistrate Judge expressed her doubt that USI's disclosure of the settlement on the homepage of its Website was a breach of the confidentiality agreement because it did not disclose details of the settlement and because the disclosure appeared to be consistent with USI's corporate obligations to its creditors. (Dkt. No. 494, Mot. Hr'g Tr. 5-6, 8-9, 16, 22). As the Magistrate Judge noted, "it seems this is just as bare bones as they could have made it within their obligation, I think, to disclose to their investors that the case had been settled." (*Id*. at 9.) The Magistrate Judge also expressed her belief that the disclosure was not specific enough to cause Defendants any damages. (*Id*. at 16.) However, contrary to Plaintiff's assertions, the Magistrate Judge ultimately determined

that Defendants could not amend their counterclaim not because their claim lacked merit, because the case was at an end. (*Id.* at 24.) The Magistrate Judge's observations regarding the merits of Defendants' motion to amend did not rise to the level of findings of fact. She did not rule on the merits of Defendants' motion to amend, but instead noted that Defendants were free to file a separate action on the theory that Plaintiff breached the settlement agreement. (*Id.*) In light of these determinations, the Magistrate Judge's omission of a finding that USI did not breach the confidentiality agreement in her order, and her decision to allow Defendants to withdraw their motion to amend the counterclaim so as to avoid possible collateral estoppel issues was not clearly erroneous or contrary to law.

Plaintiff's second objection is to the injunction prohibiting USI from "posting any further information regarding the settlement agreement among the parties on its website or otherwise in violation of the confidentiality provisions of th settlement agreement." (4/13/2011 Order ¶ 3.) Plaintiff correctly observes that the issuance of an injunction was beyond the scope of the Magistrate Judge's authority. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Accordingly, to the extent the order grants injunctive relief, the order is reversed.

The Court could construe the order granting injunctive relief as a recommendation that the Court issue an injunction. Such a recommendation would be reviewed *de novo* in light of Plaintiff's written objection to it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter

3

of course." *Monsanto Co. v. Geertson Seed Farms*, — U.S. —, 130 S. Ct. 2743, 2761 (2010). If a less drastic remedy is sufficient to redress the alleged injury, no additional and extraordinary relief by way of an injunction is warranted. *Id.* Here, the Magistrate Judge made no finding that Plaintiff breached the confidentiality provisions of the settlement agreement, or that Plaintiff was likely to breach them in the future. It does not appear to the Court that injunctive relief is warranted. Accordingly, to the extent the order is construed as a recommendation for the entry of injunctive relief, the Court declines to adopt the recommendation.

Plaintiff's third appeal/objection concerns the Magistrate Judge's finding that the settlement agreement contains "a final specific and enforceable confidentiality term." (Appeal at 1.) Plaintiff overstates the Magistrate Judge's finding. Nevertheless, it is fair to say that the wording of the order does imply a finding that the settlement agreement included a confidentiality provision that is subject to enforcement. According to Plaintiff, this finding is erroneous because the parties did not address a confidentiality agreement during their settlement conference.

It appears that the parties may not have discussed a confidentiality provision before coming into court to place their settlement on the record. (Dkt. No. 470, Settlement Conf. Tr. 10). However, once on the record, Defendants requested a standard mutual confidentiality provision in the settlement agreement. (*Id.*) While noting the need to make some disclosures of the terms of the settlement to various entities, Plaintiff's attorney

4

indicated his agreement with Defendants' requests to limit disclosure, with the caveat that the parties would work together in good faith in the event there were additional entities who needed to be exempted from the confidentiality provision. (*Id.* at 14.) All of the parties gave their approval to the terms of the settlement that were placed on the record. (*Id.* at 16-17.) In light of the statements placed on the record at the settlement conference, the Court finds that the Magistrate Judge's determination that the settlement agreement contains enforceable confidentiality provisions is neither clearly erroneous nor contrary to law.

Finally, Plaintiff objects to the requirement that the parties file a stipulated motion to dismiss within fourteen days of the order. Plaintiff contends that it was error to require a dismissal without requiring NVI and Torchia to finalize the settlement in a writing. According to Plaintiff, the TRO recently obtained by NVI and Torchia in the Cherokee County Superior Court in Georgia, *National Viatical, Inc. v. Universal Settlements International, Inc.*, No. 11-CV-1096 (Apr. 21, 2011), and NVI and Torchia's failure and/or refusal to execute the required written settlement agreement make compliance impossible.

It was clearly anticipated at the time of the settlement conference that the parties would memorialize their settlement agreement in a writing. The Magistrate Judge suggested, and the parties agreed, that the case would be closed through the entry of an order dismissing the case pursuant to an attached sealed document to be drafted initially by Plaintiff's counsel. (Settlement Conf. Tr. 7-10.) A settlement document signed by all of the parties would be the clearest representation of the parties' agreement. Nevertheless, the Court concludes that

5

a writing is not necessary because the essential terms of the agreement were placed on the record in October. The Sixth Circuit "has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it, even where that agreement has not been reduced to writing." *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986) (citing cases). Defendants do not disagree that there is an enforceable oral settlement even though NVI and Torchia have not executed the proposed written settlement agreement. (4/11/2011 Mot. Hr'g Tr. 12, 23, 31.) The parties' settlement, stated on the record, while made in anticipation of a written settlement document, was not contingent on the execution of such a document. To the extent there are ongoing disputes about breaches of the confidentiality provisions of the settlement agreement, those disputes concern enforcement of the agreement, but do not undermine the existence of the agreement. The Magistrate Judge's order to file a stipulated motion to dismiss was designed to enable the parties to take charge of the exact wording of the order. If the parties cannot or will not work together to file a written settlement agreement within seven (7) days of this opinion, the Court will enter an order dismissing this case subject to the terms of the sealed settlement agreement placed on the record on October 26, 2010.

    An order consistent with this opinion will be entered.

Dated: May 2, 2011                             /s/ Robert Holmes Bell  
                                              ROBERT HOLMES BELL  
                                              UNITED STATES DISTRICT JUDGE