UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL SETTLEMENTS
INTERNATIONAL, INC.,

       Plaintiff,

                          File No.  1:07-CV-1243

v.

                          HON. ROBERT HOLMES BELL

NATIONAL VIATICAL, INC., JAMES
TORCHIA, and MARC A. CELELLO,

       Defendants.
_____/

**O P I N I O N**

This action is before the Court on Plaintiff Universal Settlements International, Inc.'s ("USI") motion to unseal order and to enter judgment. (Dkt. No. 512.) For the reasons that follow, the motion will be granted.

**I.**

On October 26, 2011, the parties to this action entered into a settlement of all the claims and counterclaims asserted in this action and placed that oral settlement agreement on the record. (Dkt. No. 470, 10/26/2011 Settlement Tr.) As part of the settlement agreement, Defendants Torchia and NVI promised, jointly and severally, to pay USI $1 million in installment payments of (a) $100,000 not later than January 26, 2011; (b) $100,000 not later than April 26, 2011; (c) $100,000 not later than July 26, 2011; and (d) $700,000 not later than October 26, 2011. (*Id.* at 5-6). NVI and Torchia also agreed to assign their

interest in a certain life insurance policy to USI as security for such payments. (*Id.* at 6.) In the event of a default, and if they failed to cure the default within ten days after being given notice of the default, NVI and Torchia agreed to the entry of a consent judgment against them in the amount of $5 million. (*Id.* at 8-10.)

On May 11, 2011, this Court dismissed this case with prejudice pursuant to the terms of the parties' oral settlement agreement, but retained jurisdiction to enforce the terms of the settlement agreement. (Dkt. No. 504.) This Court also entered a consent judgment under seal, which provided:

> In accordance with the settlement agreed to by the parties to this action and set forth on the record at the settlement conference held on October 26, 2010, and the order of dismissal entered this date,
>
> **IT IS HEREBY ORDERED AND ADJUDGED** that, in the event that Defendant National Viatical, Inc. and Defendant James Torchia default on the settlement agreement, Plaintiff Universal Settlements International Inc. shall recover from Defendant National Viatical, Inc. and Defendant James Torchia, jointly and severally, the amount of **FIVE MILLION DOLLARS ($5,000,000)**, with each party to bear his/its own costs.

(Dkt. No. 506.)

On April 20, 2011, NVI and Torchia filed an action against USI in the Cherokee County Court in Georgia, and obtained a temporary restraining order which restrained USI from "(1) demanding performance under its settlement agreement with Plaintiffs' and (2) seeking default against Plaintiffs." That action was removed to federal court and eventually transferred to this Court. *See Nat'l Viatical, Inc. v. Universal Settlements Int'l, Inc.*, Case No. 1:11-CV-1226 (W.D. Mich.) On August 31, 2012, this Court dissolved the TRO and

concluded that NVI and Torchia were not entitled to injunctive relief. (Case No. 1:11-CV-1225, Dkt. No. 94, 08/31/2012 Order.) The order dissolving the TRO entered by the Georgia State Court was to take effect fourteen days from the date of the order "in order to provide Plaintiffs with a reasonable opportunity to comply with their obligations under the Settlement Agreement." (*Id.* at Dkt. No. 93, Op. 11.)

NVI and Torchia did not pay the $1 million due under the Settlement Agreement. Accordingly, on September 20, 2012, USI moved to unseal the consent judgment and to enter judgment against NVI and Torchia in the amount of $5 million. (Dkt. No. 512.) On September 30, 2012, NVI and Torchia filed a notice of interlocutory appeal of the order dissolving the TRO. (Case No. 1:11-CV-1226, Dkt. No. 114.) In their response to USI's motion, NVI and Tortia requested an interlocutory stay pending their appeal of the Court's order dissolving the TRO in Case No. 1:11-CV-1226. (Dkt. No. 518, Pls.' Resp. 4-5.) The order dissolving the TRO was affirmed on appeal. (Case No. 1:11-CV-1226, Dkt. No. 139, 6th Cir. 05/23/2013 slip op.) The Court will now address the motion to enter judgment.

## II.

USI moves for entry of the $5 million judgment pursuant to the default provisions of the settlement agreement because NVI and Torchia did not pay any portion of the $1 million due under the settlement agreement and failed to cure the default after being given notice and an opportunity to cure.

3

NVI and Torchia do not deny that they have failed to pay the $1 million due under the settlement agreement.  They nevertheless argue that they are not in default because USI's prior breach of the confidentiality provision of the settlement agreement has excused their performance.  In a separate opinion that is being entered concurrently in the parallel case, 1:11-CV-1226, this Court has determined that USI did not breach the confidentiality provision.  The Court has also determined, in that opinion, that even assuming USI breached the confidentiality provision, the breach did not excuse NVI and Torchia from their obligations under the settlement agreement.

NVI and Torchia also oppose entry of judgment as being premature.  They contend that they were not provided formal notice and an  opportunity to cure prior to the filing of this motion.  NVI and Torchia have not identified what kind of notice they believe they were entitled to, nor can they, because the parties never entered into a written settlement agreement.  The Court is satisfied that NVI and Torchia have been on notice of default since at least May 9, 2011, when USI filed a motion to implement the settlement agreement by entry of a judgment for $5 million.  (Dkt. Nos. 502, 503.)  This Court provided notice and an opportunity to cure by keeping the TRO entered by the Georgia State Court in effect from August 31, 2012, to September 14, 2012, "in order to provide Plaintiffs with a reasonable opportunity to comply with their obligations under the Settlement Agreement."  (Case No. 1:11-CV-1226, Dkt. Nos.  93, 94.)  In addition, NVI and Torchia do not deny that USI sent a formal written notice of default on September 17, 2012.  (Dkt. No. 518, Pl. Resp. Br. 7-8.)

NVI and Torchia also oppose entry of judgment based on their contention that the $5 million judgment constitutes an unenforceable penalty and because it is unlawfully usurious.[1] Under Michigan law, "[a] liquidated damage clause is void as a penalty if it provides for an amount of damages that is unreasonable in light of the possible injury suffered in the event of a breach." *In re Exemplar Mfg. Co.*, 331 B.R. 704, 711 (Bankr. E.D. Mich. 2005) (citing *Curran v. Williams*, 89 N.W.2d 602, 604 (Mich. 1958)). For a liquidated damages provision to be enforceable, the damages caused by the breach must be difficult or impossible to estimate and the liquidated amount must be a reasonable pre-estimate of actual damages. *Id*. at 711-12. NVI and Torchia contend that the $4 million penalty is not a reasonable estimate of the actual damages that would be caused by a delay in the payment of the $1 million settlement. They also contend that the $4 million penalty, construed as interest, violates Michigan's usery laws. *See* Mich. Comp. Laws § 438.31 ("[I]n all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest, not exceeding 7% per annum."); *Beebe v. Gretten berger*, 266 N.W.2d 829, 832 (Mich. Ct. App. 1978).

NVI and Torchia's reliance on breach of contract cases is misplaced. A consent judgment is a judicial act and is not treated in the same way as a settlement contract. *Trendell v. Solomon*, 443 N.W.2d 509, 510 (Mich. Ct. App. 1989). "[O]nce the consent judgment is entered, it becomes a judicial act and possesses the same force and character as a judgment rendered following a contested trial or motion." *Id.* A state rule against

---

[1] The Court has considered the parties' briefing in Case No. 1:11-CV-1226 on these issues concerning the enforceability of the $5 million default judgment.

enforcing penalties in contracts has "little to do with final judgments. Indeed, even a contract agreeing to settle a pending or threatened suit – technically, a contract of 'accord' – may be enforceable despite claims that it constitutes a penalty." *Xerox Fin. Servs. Life Ins. Co. v. High Plains Ltd. P'ship*, 44 F.3d 1033, 1039 (1st Cir. 1995) (upholding entry of almost $6 million in consent judgments after a party defaulted on a $125,000 settlement of multiple cases). The court considered the rationale for the rule against enforcing penalties in contract cases,[2] and then noted:

> The force of such concerns is lessened where one is dealing with a contract of accord that is entered into after the dispute has arisen. At this point, the parties are focusing on the strength of the claims, the likely damages and the costs of litigating. If the defendant, or potential defendant, now consents to judgment in a specific amount, it is ordinarily done with eyes wide open, and in large matters usually with legal advice. These attitudes seem to underlie the Williston view that the defendant should be constrained in attacking his own settlement.

*Id. See also Elmore v. Elmore*, 617 A.2d 159 (Vt. 1992) (holding that late-payment penalty provision in a consent judgment was enforceable and rejecting the defendant's argument that it was an unenforceable liquidated damages clause that imposed penalty payments far in excess of any reasonable estimate of likely damages); *Resolution Trust Corp. v. Avon Ctr. Holdings, Inc.*, 832 P.2d 1073, 1075 (Colo. Ct. App. 1992) (upholding enforcement of a $5.7

---

[2]The reasons why courts are loath to enforce a penalty for breach of contract include the following: "The parties may make such an agreement far in advance of the dispute and may not appreciate the full impact if the unlikely breach does occur. Contract damages, broadly speaking, aim at compensation, not at punishment. Finally, courts do not like results that appear unjust." *Xerox*, 44 F.3d at 1039.

6

million consent judgment when a party failed to make the first payment due on a $2 million

settlement); *Sec. Pac. Nat'l Bank v. Roulette*, 492 N.E.2d 438, 439-41 (Ohio 1986)

(upholding a $269,593.67 consent judgment afer a party failed to pay a $120,000 settlement

agreement). As noted in *Resolution Trust*:

> [T]he provision for judgment of the larger sum if the smaller was not paid is
> not an unenforceable penalty because the larger sum bears a reasonable
> relation to the losses the parties considered and agreed might be sustained. It
> is this recognition which was the recited, manifest, and evident impetus for the
> compromise we now construe.  Accordingly, we decline, in the context of this
> compromised, voluntarily executed and judicially approved settlement of a
> previously breached contract, to make a more favorable contract for defendants
> than they made for themselves.

832 P.2d at 1075.

In this litigation, USI alleged the theft of $5 million and claimed a right to treble

damages.  If USI had prevailed on its claims at trial, NVI and Torchia faced a potential $15

million judgment.  To avoid trial, NVI and Torchia agreed to pay $1 million, and, in the

event of their default, agreed to the entry of a consent judgment in the amount of $5 million.

The $5 million consent judgment bears a reasonable relation to the losses the parties

considered and agreed might be sustained.  Accordingly, the Court finds no barrier to

enforcement of the judgment.

For the reasons stated herein, the Court will grant USI's motion to unseal order and

to enter judgment.  An order and judgment consistent with this opinion will be entered.


Date: <u>June 21, 2013</u>                         <u>/s/ Robert Holmes Bell</u>
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE